UNITED STATES DUSTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSEMARY ANN LYNN, an individual; Agent, Trustee, Beneficiary, Devisee, Legatee, Nominate Guardian, Caregiver, and, Personal Representative of The Audrey Louise Brown Estate,<br><br>                 Plaintiff,<br>vs.<br><br>1 ANDREW GEORGE BROWN III, an individual; 2 MARY JEAN BAGWELL-HENDERSHOTT, an individual; 3 SUSAN BOYD, an individual; 4 MELISSA TAYLOR, an individual; 5 EMILY CRAIN, an individual; 6 THEODORE 'TED' RIESLING, an individual; 7 RANDALL ALLEN GILL, an individual; 8 ROBYN OWENS, an individual; 9 KIMBERLY BIEDLER SCHUTZ, an individual; 10 REBECCA WOOD-HUNTER, an individual; 11 PHILLIP 'Phil' FEIST, an individual; 12 JON BRIGHTMIER, an individual; 13 MICHAEL LINSCOTT, an individual; 14 NANCY DALE, an individual; 15 RANDY WHITWORTH, an individual; 16 CLARK WILLIAMS, an individual; 17 HELEN HOLMES-LATIMER, an individual; 18 TERRY HORWATH BITTING, an individual; 19 FAUST BIANCO Junior, an individual; 20 TERESE HALL, an individual; 21 JAMES CAMPBELL, an individual; 22 AMY REA, an individual; 23 MATTHEW BROWN, an individual; 24 SIOK MCKAY, an individual; 25 SAINT FRANCIS EMPLOYEE FEDERAL CREDIT UNION, a member-owned Financial Cooperative and Financial Banking Association, licensed and doing business in Oklahoma; 26 EDWARD JONES, a National Investment, Banking, and Financial Association providing Wealth Management, Brokerage, Corporation, authorized to conduct business in Oklahoma; 27 CHARLES SCHWAB, a National Banking Association, providing Banking, Wealth Management, Investments, banking, and a | 18 U.S.C. §§ 1961-1968<br>CIVIL RACKETEERING COMPLAINT<br><br><u>**JURY TRIAL DEMANDED**</u><br><br>CASE NO. **19 CV  332 CVE - JFJ**<br><br>FILED<br><br>JUN 21 2019<br><br>Mark C. McCartt, Clerk<br>U.S. DISTRICT COURT |

06\21\2019/RAL\ORIG\PET\RICO\US DIST CT\NDOK          1.

Financial Association, authorized to conduct )
financial and banking Services in Oklahoma )
US TRUST BANK OF AMERICA, a Wealth )
Management, Financial Services Association )
Operating as US Trust, however, owned by )
Bank of America, a National Banking )
Association authorized to conduct and )
operate in Oklahoma, Purview Life Tulsa, )
AKA, Select Care Management et al, JOHN )
DOES 1 through 100, JANE DOES 1-100, )
and DOE ENTITIES 1-100, inclusive, )
)
                    **Defendants.**  )

## COMPLAINT
### (FED. R. CIV. P.) RULES 8 & 9(b) COMPLIANT

COMES NOW the Plaintiff, Rosemary Ann Lynn (hereinafter "Plaintiff" or "Lynn"), as Agent (Alter-Ego), Nominated Guardian, Trustee, Beneficiary, Devisee, Legatee, Caregiver, and Personal Representative of the Audrey Louise Brown Estate (hereinafter "Audrey"), for causes of action against Andrew G. Brown III ("Andrew"), Mary Jean Bagwell-Hendershott (hereinafter "Hendershott"), Susan Boyd (hereinafter "Boyd"), Melissa Taylor (hereinafter "Taylor"), Emily Crain (hereinafter "Crain"), Theodore 'Ted' Riesling (hereinafter "Riesling"), Randall Allen Gill (hereinafter "Gill"), Robyn Owens (hereinafter"Owens"), Kimberly Biedler Schutz (hereinafter "Schutz"), Rebecca Wood-Hunter herein "Hunter"), Phillip "Phil" Feist (hereinafter "Feist"), Jon Brightmire (hereinafter "Brightmire"), Michael Linscott ((hereinafter "Linscott"), Nancy Dale (hereinafter "Dale"), Randy Whitworth (hereinafter "Whitworth"), Clark Williams (hereinafter "Williams" or "Impostor #1"), Helen Holmes-Latimer (hereinafter "Latimer" or "Impostor #2"), Terry Horwath Bitting (hereinafter "Bitting"), Faust Bianco Jr. (hereinafter "Bianco Jr."), Terese Hall (hereinafter "Hall"), James Campbell (hereinafter "Campbell"), Amy E. Rea (hereinafter "Rea"), Matthew Brown (hereinafter "Matt"), Siok McKay (hereinafter "Siok" or "McKay"), Saint Francis Employee Federal Credit Union of Oklahoma (hereinafter "St. Fran. ECU"), Edward D. Jones (hereinafter "Edw. Jones" or "Edw. D. Jones Invest'mt

and Fin'l Svcs"), Charles R. Schwab (hereinafter "Chuck R. Schwab") and ("Schwab Fin'l and Invest'mts"), US Trust/Bank of America (hereinafter "US Trust" or "US Trust Company" and "Bk of Amer."), Purview Life Tulsa (hereinafter "Purview Life" or Purview Life AKA Select Care Management") complain, aver and allege as follows and hereby file her Civil Racketeering Complaint and allege the following causes of action against *all* the above-named Defendants in their "individual capacities":

### FED. R. CIV. PROC.: Rules 8, Plain and Simple Statement, and Rule 9(b), Particularity
### GENERAL ALLEGATIONS

1. Plaintiff ROSEMARY ANN LYNN is a resident of Tulsa County, Oklahoma.

2. Audrey Louise Brown is a resident of Tulsa County, Oklahoma.

3. Audrey Louise Brown General Durable Power of Attorney ("POA"), Advanced Medical Directive ("Proxy"), and Irrevocable Spendthrift Trust ("Trust") organized on September 2017 and October 2017 respectively. The POA, Proxy, and Trust appears by and through it duly elected Agent, Nominated Guardian, Trustee, and Personal Representative, Rosemary Ann Lynn.

4. Any reference to "Plaintiff" or "Plaintiffs" herein shall be deemed to apply to both Rosemary Ann Lynn individually and the above-listed documents.

5. Upon information, belief, research, and Court records, Defendant ANDREW GEORGE BROWN III ("Andrew") is an has been a resident of Tulsa County, Oklahoma at all times material hereto.

6. Upon information, belief, research, and Court records, Defendant MARY JEAN BAGWELL-HENDERSHOTT ("Hendershott") is an has been a resident of Tulsa County, Oklahoma at all times material hereto and has done business in Tulsa county Oklahoma for years. Complete nexus.

7. Upon information, belief, research, and Court records, Defendant SUSAN BOYD ("Boyd") is

an has been a resident of Tulsa County, Oklahoma at all times material hereto; has done business in Tulsa County Oklahoma for years for profit. Both, Hendershott and Boyd, own Purview Life Tulsa.

8. Upon information, belief, research, and Court records, Defendant MELISSA TAYLOR ("Taylor") is an has been a resident of Tulsa County, Oklahoma at all times material hereto.

9. Upon information, belief, research, and Court records, Defendant EMILY CRAIN ("Crain") is an has been a resident of Tulsa County, Oklahoma at all times material hereto.

10. Upon information, belief, research, and Court records, Defendant THEODORE 'TED' RIESLING ("Riesling") is an has been a resident of Tulsa County, Oklahoma at all times material hereto.

11. Upon information, belief, research, and Court records, Defendant RANDALL ALLEN GILL ("Gill") is an has been a resident of Tulsa County, Oklahoma at all times material hereto.

12.` Upon information, belief, research, and Court records, Defendant ROBYN OWENS ("Owens" or "Registered Agent For Hendershott, Boyd, and Purview Life Tulsa" is an has been a resident of Tulsa County, Oklahoma at all times material hereto.

13. Upon information, belief, research, and Court records, Defendant KIMBERLY BIEDLER SCHUTZ ("Schutz") is an has been a resident of Tulsa County, Oklahoma at all times material hereto.

14. Upon information, belief, research, and Court records, Defendant REBECCA W. HUNTER ("Hunter") [IS] or [WAS] a resident of Tulsa County, Oklahoma at all times material hereto. In 2018, Hunter opened a Law Office in Wagoner County Oklahoma to escape forgery and fraud charges.

15. Upon information, belief, research, and Court records, Defendant PHILLIP 'PHIL' FEIST ("Feist") is an has been a resident of Tulsa County, Oklahoma at all times material hereto.

16. Upon information, belief, research, and Court records, Defendant JON BRIGHTMIRE ("Brightmire") is an has been a resident of Tulsa County, Oklahoma at all times material hereto.

17. Upon information, belief, research, and Court records, Defendant MICHAEL LINSCOTT

("Mike" or "Linscott") is a resident of Tulsa County, Oklahoma at all times material hereto.

18. Upon information, belief, research, and Court records, Defendant NANCY DALE ("Dale") is an has been a resident of Tulsa County, Oklahoma at all times material hereto.

19. Upon information, belief, research, Defendant RANDY WHITWORTH ("Whitworth") was a resident of Tulsa County, Oklahoma beginning in October 2017 transferred from Colorado.

20. Upon information, belief, research, and Court records, Defendant CLARK WILLIAMS ("Williams" or "Impostor #1") is an has been a resident of Tulsa County, Oklahoma at all times material hereto.

21. Upon information, belief, research, and Court records, Defendant HELEN HOLMES-LATIMER ("Latimer" or "Impostor #2") is an has been a resident of Tulsa County, Oklahoma at all times material hereto.

22. Upon information, belief, research, and Court records, Defendant TERRY HORWATH BITTING ("Bitting") is an has been a resident of Tulsa County, Oklahoma at all times material hereto.

23. Upon information, belief, research, and Court records, *all* Defendants are residents of Tulsa County, Oklahoma at all times material hereto, unless, otherwise noted.

24. Upon information, belief, research, and Court records, Defendant FAUST BIANCO JUNIOR ("Bianco Jr.") is an has been a resident of Tulsa County, Oklahoma at all times material hereto.

25. Upon information, belief, research, and Court records, Defendant TERESE HALL ("Hall") is an has been a resident of Tulsa County, Oklahoma at all times material hereto.

26. Upon information, belief, research, and Court records, Defendant JAMES CAMPBELL ("Campbell") is an has been a resident of Tulsa County, Oklahoma at all times material hereto.

27. Upon information, belief, research, and Court records, Defendant AMY E. BROWN-REA ("Amy" or "Rea") is an has been a resident of Vacaville, California at all times material hereto.

28. Upon information, belief, research, and Court records, Defendant MATTHEW BROWN

("Matt") is an has been a resident of Washington State at all times material hereto.

29. Upon information, belief, research, and Court records, Defendant Siok McKay is a resident of Tulsa County, Oklahoma, and maintained employment during all times material hereto.

30. Upon information, belief, research, and Court records, Defendant Lesa Creveling, AKA, Lesa Crenveling, Lesa Gray, Lesa Gray Creveling, Lesa G. Crenveling is an resident of Tulsa County Oklahoma and is employed in Tulsa County Oklahoma.

31. Upon information, belief, research, and records, Defendant OKLAHOMA TRUST COMPANY is a *"privately owned"* investment management company. Oklahoma trust company is supported in large part, from conservatorship assets and probate actions regarding *"alleged disabled persons."* *Oklahoma Trust Company* emphasis are **"Asset-Trust-Based"** and is authorized to operate and conduct financial transaction in Tulsa, Oklahoma at all material times hereto.

32. Upon information, belief, research, and records, Defendant SAINT FRANCIS EMPLOYEE FEDERAL CREDIT UNION ("St. Fran. FCU"-Tulsa Location) is a member-owned financial cooperation and a member of the National Credit Union Association, authorized to operate and conduct financial transaction in Tulsa, Oklahoma at all material times hereto.

33. Upon information, belief, research, and records, Defendant EDWARD D. JONES & Company ("Edward Jones Financial Companies") is an employee based-owned and retired employee-owned subsidiary of Edward Jones Financial Corporation and a member of the National Association of Bankers, authorized to operate and conduct financial transaction in Tulsa, Oklahoma at all material times hereto.

34. Upon information, belief, research, and records, Defendant CHARLES "Chuck" R. SCHWAB, ("Charles R. Schwab") is the CEO and principal of, Charles Schwab & Company ("Schwab Banking, Wealth Investment Management & Brokerage-Financial Corporation") is a National Banking & Financial Association licensed and authorized to operate and conduct financial transactions in Tulsa,

Oklahoma. Charles "Chuck" R. Schwab is a resident of Atherton, California at all material times hereto

35. Upon information, belief, research, and records, Defendant US TRUST COMPANY/BANK OF AMERICA ("US Trust Company" or "US Trust Company Bank of America") is a private banking and wealth management National Association (formally, a Charles R. Schwab Company) whose investment products are not FDIC Insured, are not bank guaranteed and losses value, however, authorized to operate and conduct financial transactions in Tulsa, Oklahoma at all material times hereto.

**Plaintiff,** hereby, complain, aver and allege as follows and hereby file her Civil Racketeering Complaint and allege the following causes of action against *all* the above-named Defendants in their "individual capacities":

36. The true names and capacities, whether individual, associate, partnership, corporate or otherwise of Defendants Does 1 through 100 and Doe Entities 1 through 100, inclusive, are unknown to Plaintiff due to being *concealed, misdirected and through deception and fraud* committed by these Defendants each of them; having said that, Defendants are named herein by fictitious names, but may be responsible or liable to the Plaintiff by virtue of the actions hereinafter described and Plaintiff reserves the right to amend her Complaint (if necessary) to insert or add additional interested or indispensable parties to charging allegations, together with their true identities and capacities, when the same have been ascertained.

37. Plaintiff based upon information, belief, and sparse records, therefore alleges that at all times herein mentioned, Defendants and each of them, were agents, employees, partners, associates-in-fact, conspirators, co-conspirators, alter-ego of each other, and in doing the things herein alleged, were acting within the scope and course of said agency, partnership, enterprise, association, or relation, with the permission and consent of each individual Defendant and their co-defendants, and that each of them were working as a single entity and enterprise to commit extrinsic fraud, intrinsic fraud, extortion, kidnapping, undue influence, perjury, forgery, mail, and wire fraud through communications.

The Jurisdiction of this court is invoked pursuant to diversity of citizenship 28 U.S.C. §§ 1331, 1332 and diversity jurisdiction Section 1334. Plaintiff's claims present federal questions

39. The amount in controversy exceed the minimum jurisdictional limits of $75,000.00. Damages are sought in this case exceed the minimum jurisdictional limits of tulsa County District courts.

40. Additional Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331, and pursuant to 18 U.S.C. §§ 1961-1964(a)-1968 et seq., as a Civil RICO action forms part of the basis of this Complaint.

41. Venue is proper in the Northern District of Oklahoma. The racketeering, the parties, and all of the complained of fraudulent events occurred in Tulsa County Oklahoma, State of Oklahoma. Diversity exists as a direct result of but not limited to Amy E. Brown-Rea and Matthew "Matt" Brown's connection with, appearance in, and participation in the present racketeering scheme. Although, diversity is not required in the present RICO action.

## FEDERAL RULE OF CIVIL PROCEDURES 9(b) PARTICULARITY
## GENERAL FACTUAL ALLEGATIONS WITH PARTICULARITY

42. From in and around 1995 through 2019, Plaintiff Rosemary Ann Lynn ("Plaintiff" or "Lynn") was a resident in Tulsa, Oklahoma. On or around 2008 Rosemary Ann Lynn begin assisting Audrey Louise Brown ("Audrey") with various chores including making hundreds of thousands of dollars in bank deposit for Audrey, including, but not limited to, assisting Audrey in recovering a treasury check in the amount of $600,000.00. Audrey and Lynn caused the checks to be deposited in Audrey's accounts. In 2013, Audrey voluntarily placed herself in the care and custody of Plaintiff. Over a period of eight and one half years' (8.6) Lynn never took not one cent from Audrey and never did anything outside of Audrey's best interest. Lynn always put Audrey's best interest and wellness first. As a result of Lynn honesty, best interest in Audrey's everyday life experiences, and detailed care for Audrey, Audrey caused Timothy 'Luke' Barteaux, an attorney (now Judge in Cherokee County Oklahoma, State of Oklahoma) to created her General Durable Power of Attorney ("POA") and Advanced Medical

Directive-Living Will ("Proxy"). Audrey competently executed the documents using the same procedures used for Oklahoma for Last Wills and Testaments. (1) Competency to Execute said instruments; (2) Two unrelated adult witnesses; (3) Notary Public to "verify" and "authenticate" Audrey's voluntary admissions that she had read and understood the documents in which she insisted on executing, and the execution of signatures of witnesses, witnessing, Audrey's statement of understanding and impact of executing and appointing Lynn as her attorney in fact and nominated guardian as well as appointment as caregiver, and the relinquishment of authority in future event of determination by two medical professional diagnosing Audrey to be incompetent, disabled, or incapacitated;

In 2017, Audrey competently elected Rosemary Ann Lynn as her agent, and nominated Rosemary Ann Lynn as her guardian, caregiver, trustee, beneficiary, devisee, legatee, and personal representative of the Audrey Louise Brown Estate ("Audrey") in the event she was ever diagnosed to be incompetent, disable, or incapacitated; at which time, Audrey's property and assets would pour into Audrey's irrevocable spendthrift trust (Trust). At such time, Lynn would immediately step into the shoes of Audrey as her alter-ego, and Audrey's property and assets would instantly transfer into Audrey's irrevocable spendthrift trust without court interference,; and that any person or persons challenging the instruments would be immediately enjoined therefrom and any benefit that they may have derived is forever barred.

43.     In November 2017, Defendants Andrew, Hendershott, Boyd, Schutz, Owens, Whitworth, Williams, Latimer, Dale, Creveling, Taylor, Crain, and Gill, with the knowledge of Purview Life Tulsa and Bitting, kidnapped Audrey, forcibly removed her from her home through extrinsic fraud, sham legal process, and proceeded to covert her property and her assets to their own use and benefit.

44.     In Novemeber 2017 through 2019, Defendants, Andrew, Hendershott, Boyd, Schutz, Owens, Dale, Creveling, Taylor, Crain, Bitting, and Gill kept Audrey hidden from Lynn to prevent Lynn from

exercising her fiduciary duties as the elected agent, nominated guardian, caregiver, trustee, beneficiary, devisee, legatee, and personal representative, to unduly influence, manipulate, control, extort, intimidate, threaten, abuse, and control her independence, property and assets in a joint effort to subdue Audrey, forged her signatures on legal documents to aid Andrew in getting defendant's Amy E. Brown-Rea ("Amy"), and Matthew Brown ("Matt") appointed to Audrey's and Audrey's deceased mother's trust account. Defendants acted in a joint, concerted effort, to cause Audrey (a legally competent adult) declared incompetent, so that her property and assets could be *"transferred"* or *"reverted"* into her deceased mother's trust, to pass on to her disinherited brother Andrew, and his children whom Audrey disinherited from her estate. Andrew and the above Defendants conspired together and 'forged' documents and *"forced"* Audrey to *"involuntarily"* sign by *terrorist threats, force, and fear*, three (3) blank pieces of paper; that would later be found to have caused Audrey's private bank accounts to be frozen; Plaintiff is and Audrey are in joint tenancy in common on these accounts; that by and through 'forgeries', 'fraud', and 'conversion', these above Defendants, fraudulently, created false legal documents, to take control of, to cause the designation of, and or the appointment of, Andrew's children, and grand children over Audrey's estate, and "Audrey's mother surviving revocable trust."

45. Audrey Louise Brown ("Audrey") remains hidden in what Defendants call a "Confidential Location" to maintain control, unduly influence, and to create false narratives about Lynn to bolster their fraud and racketeering activities while concealing their kidnapping scheme to defraud Audrey's estate for unjust enrichment's as of the filing date of this Complaint.

46. These Defendants, Bitting, Hendershott, Boyd, Schutz, Owens, Dale, Creveling, Taylor, Crain, Rea, Williams, Latimer, Riseling, Owens, Schutz, and Matt knew that Defendant Andrew George Brown III, and Gill had *"forcibly kidnapped"* Audrey under the guise of color of state law; that they kept silent to create their desired outcome; that none, of the Defendants and Co-Conspirator's took any action to protect Audrey, who is eighty four (84) years' young now, from the named *"predatory"*

Defendants.

47. In September 2017, Audrey Louise Brown created in Tulsa County Oklahoma, a General Durable Power of Attorney ("DPOA"), Advanced Medical Directive-Living Will ("Proxy"), and an Irrevocable Spendthrift Trust ("Trust"). The formation of the DPOA, Proxy, and Trust through the events and occurrences which form the basis of this Complaint, the Trust's assets were by [O]peration of law, immediately transfer into Audrey's Trust upon any alleged adjudication of incompetency, disability, or incapacity; that the Trust's assets were to administered by Plaintiff pursuant to Audrey's *intent* and lawful instructions.

48. On November 3, 2017, Tulsa County Probate Court, conducted an *ex parte mini hearing* without notice or process of service on Audrey or Plaintiff. The Court fraudulently without personal jurisdiction and without subject matter jurisdiction temporarily appointed Andrew and Hendershott, over Audrey's person, Schutz was fraudulently appointed as Audrey's Guardian Ad Litem (GAL), and Lesa Creveling\Oklahoma Trust Company was appointed by fraudulent means as conservator over Audrey's property, and assets.

49. On November 27, 2017, the Tulsa County Probate Court appointed Andrew, Hendershott, Schutz, and Creveling as permanent guardians over Audrey in the Matter of Guardianship of the Person and estate of Audrey Louise Brown, an alleged incompetent adult Ward, in Case No. PG-2017-800; without notice and service of process on Plaintiff, an 'interested' 'indispensable party' with known standing.

50. Upon information, belief, and research, on November 3, 2017 Hendershott was an employee, co-owner, and agent of Purview Life Tulsa, a for profit company licensed to conduct business in Tulsa, Oklahoma, and at all times material hereto, committed perjury, and fraud, to financial gain $150.00 an hour for Purview Life Tulsa corporation from the appointment as private guardian over Audrey. Hendershott conflict of interest lies from acting as Guardian over Audrey, and as an agent, employee,

and co-owner of Purview Life Tulsa from 2015 to at least 2018, when Purview Life Tulsa may have changed its name to Purview Life, principal Imane Rose.

51.   From in or around November 3, 2017, through May 2019, Purview Life Tulsa by and through Hendershott & Boyd billed and collected thousands of dollars for alleged services and reimbursements from the Estate of Audrey Louise Brown through 'fraudulent' court approved orders without inqury.

52.   Upon information and belief, many of the billed and collected sums of money paid by the fraudulent appointed Conservator of Audrey's Estate and or Trust frivolously alleged the large sums paid out each month is to benefit Audrey Louise Brown. While in truth, Purview Life Tulsa (AKA "Select Care Management") (whose parent franchise situs is located in Texas) receives the fraudulently gained sums of money place it in directed accounts belonging to Hendershott & Boyd; that Hendershott and Boyd are Purview Life Tulsa.

53.   Upon information and belief, the Ward's estate is being charged hourly ($150.00) for expenses completely unrelated to Audrey's well being and care, and for matters unrelated to benefiting the trust.

54.   Upon information and belief, Andrew George Brown III ("Andrew"), *"lacked standing"* to petition the probate court for any relief. Andrew by and through these Defendants, Gill, Schutz, Owens, Crain, Taylor, Creveling, et al committed extrinsic fraud to avail themselves to access to the probate court,; and then committed intrinsic fraud against Plaintiff to further their 'kidnapping scheme', with the aid of Defendant Terry Horwath Bittting who voluntarily allowed the court to be 'subdued', thus permitting frauds to be practiced, adult kidnapping, extortion of involuntary Ward's assets under the disguise of needed private guardian, solely for financial gains.

55.   Upon information and belief, in October 2017, Andrew failed at getting Tulsa County Department of Human Services to remove Audrey from her home without cause. In October 2017, Andrew and Defendants, Gill, Schutz, Owens, Crain, Taylor, Creveling, et al., solicited, and hired a black male, Defendant Clark Everett Williams ("Williams"), to *"impersonate"* a City of Tulsa Active

Duty Police Officer. Williams is not employed as a City Police Officer, although he claimed he was. Williams wore a City of Tulsa Police Uniform, Badge, Side Arm, Shoes, and Insignia. Plaintiff discovered that: Williams is an attorney, and has been for thirteen (13) years and was an attorney when he falsely impersonated a City of Tulsa Policeman, forcing Audrey to sign three blank pieces of paper.. William is General Counsel for Tulsa Housing Authority. Individual claims against Williams will be further averred herein below.

55.  Upon information and belief, in October 2017, Andrew failed at getting Tulsa County Department of Human Services to remove Audrey from her home without cause. After failing to get DSHS involved, Andrew and these Defendants, Gill, Schutz, Owens, Crain, Taylor, Creveling, et al., solicited, and hired a black female, Defendant Helen Holmes-Latimer ("Latimer"), to *"impersonate"* an investigator from 'Tulsa County DSHS Adult Protective Services.' Through diligence, Plaintiff learned that Latimer is not employed as an investigator at Tulsa County DSHS, and was not authorized by Tulsa County DSHS to act in any capacity as a State Official to aid and assist in kidnapping Audrey; although, she claimed DSHS directed her to try and remove Audrey's estate plans from her and Lynn.

56.  Upon information and belief, Andrew and these Defendants, Gill, Schutz, Owens, Crain, Taylor, Creveling, et al., filed a "sham legal process" knowing their allegations were fraudulent, for the sole purpose of kidnapping Audrey Louise Brown, a mentally competent adult, solely to revoke her voluntary duly executed estate planned documents; then, convert Audrey's property and assets, and fraudulently transfer Audrey's assets into her deceased mother's trust document, so that Andrew and his disinherited children, Defendants Rea and Matt could get appointed to Hazel C. Brown's ("Hazel" or "Hazel Brown Trust"), by confining Audrey to a nursing home, or facility of their choosing to control her independence, decision-making, converge her estate into their own, and extort and fraudulently distribute her estate financial resources among themselves.

57.  Between November 3, 2017 and May 2019, Schaffer & Herring Law Firm by and through

Kimberly Biedler Schutz, billed and collected tens of thousands of dollars for services and reimbursements from the Estate of Audrey Louise Brown through 'sham's' and 'fraudulent' means for alleged legal preparation and documents necessary to keep the 'fraud, racketeering and sham legal process' and 'fraudulent means' in play, in violations of 18 U.S.C. §§ 1961-1964, through 1968 where applicable.

58. Between November 3, 2017 and May 2019, Randall Allen Gill Law Office billed and collected tens of thousands of dollars for services and reimbursements from the Estate of Audrey Louise Brown through 'fraud, racketeering and sham legal process' and 'fraudulent' means in violations of 18 U.S.C. §§ 1961-1964, through 1968 where applicable.

59. From in or around November 3, 2017 and March 2019, Doerner, Saunder et al law firms by and through attorneys Hunter, Brightmire, Feist, Linscott et al, billed and collected tens of thousands of dollars for services and reimbursements from the Estate of Audrey Louise Brown through 'sham' and 'fraudulent' means in violations of 18 U.S.C. §§ 1961-1964, through 1968 where applicable.

60. Between November 3, 2017 and May 2019, the Owens law firms by and through Robyn Owens, billed and collected tens thousands of dollars for services and reimbursements from the Estate of Audrey Louise Brown through 'sham' and 'fraudulent' means in violations of 18 U.S.C. §§ 1961-1964, through 1968 where applicable.

61. Upon information and belief, throughout 2017, 2018 and 2019, while Hendershott & Boyd was simultaneously acting as a Guardian and the agent/employee, and co-owner of Purview Life Tulsa, Hendershott & Boyd embezzled funds from the trust account of the Guardianship Estate of Audrey Louise Brown, by submitting false, sham, extorted, and illegally obtained access to Audrey's assets and inflated her hourly rates for payment thereof through consent of these tort feasors.

62. Hendershott was ineligible to be appointed Guardian for Audrey at the time she was appointed.

63. During the course of Hendershott's alleged Guardianship of Audrey, Hendershott acted in a

fiduciary capacity for several other Wards.

64. On November 3, 2017, Hendershott verified and signed by oath acquiescing Andrew's Petition For Temporary and Permanent Guardianship which was never served on Plaintiff until March 2019. Hendershott took an oath that she "is competent and capable" of acting as the Temporary Guardian of the person of Audrey Louise Brown. Her status as owner and agent removed her competency status.

65. Hendershott patently failed to demonstrate candor before the 'sham' guardianship court, assuming she could "pull a fast one" over on the Court, and Plaintiff, because of the secrecy of the Court, and because she never thought that Plaintiff would ever get access to the guardianship Court transcripts. Hendershott alleged that her former daughter in law had filed criminal charges against her and she believed that they had been dropped; and that, a bankruptcy actions against her and her exhusband was nothing. Indictments of [a]ny sort discharged her ability to act in any fiduciary capacity, including, but not limited to, guardianship over another.

66. On November 27, 2017 Defendant Hendershott and her agent Susan Boyd, were fraudulently appointed permanent guardians over the person of Audrey Louise Brown. Both Hendershott agent for Boyd took an oath that she did not have indictments or information of felony charges levied against her when in fact she had been charged by indictment or information filings prior to the appointment.

67. On November 27, 2017 Defendant Andrew George Brown III an eighty (80) year old man admitted that he could not take care of Audrey, however, he was appointed permanent Co-Guardian. Andrew *lacked standing* because he lacked any interest in and was not charged with, authority to seek a guardianship or appointment over Audrey; that this result Audrey tried to avoid by her competently executed instruments disinheriting Andrew and his children.

68. Purview Life Tulsa, is a for profit corporation alleging to give professional care in the areas of medication regiments, selection of nursing homes, geriatrics care. Purview Life Tulsa is owned and operated by Defendants Hendershott and Boyd). Purview Life Tulsa is a "sham" facility designed to

get older Tulsan's into the hands of private guardians for profit.

69. Defendant Charles "Chuck" R. Schwab is liable for the actions of his agent under *Respondeat Superior*. Defendant, Chuck Schwab is liable for the *disclosure* and fraudulent information dissimulated by his agent, Siok McKay to Defendant Andrew George Brown III, as a result of her infatuations with him and his having an independent account with Charles Schwab Financial. Siok McKay breached Audrey's confidentiality between Audrey and Charles Schwab Financial. Siok McKay's breach of confidentiality in part caused Andrew to file fraudulent petitions, motions, pleadings, and affidavits known to be false, but due to the secretiveness of the probate Court thought that petitioner would never discover the truth about the kidnapping surrounding Audrey Louise Brown.

70. Defendant, Jane Doe, manager of St. Francis Federal Credit Union conspired and perjured herself to acquiesce fraud on Audrey and Lynn by disclaiming that Lynn was not on Audrey's account as joint tenancy at St. Francis Federal Credit Union. Defendant, Jane Doe, manager at St. Francis Federal Credit Union fraudulently and intentionally alleged that Audrey did not personally hand deliver to her her General Durable Power of Attorney ("POA") directing that Lynn act as her attorney-in-fact with full authority as if it were Audrey. Albeit, Defendant Jane Doe received and kept the POA and listed Lynn on Audrey's account.

71. Defendant Terry Horwath Bitting allowed the aforementioned Defendant's to utilize her court as the backdrop for their racketeering schemes. Defendant Bitting knew that her court would be off-limits to Plaintiff and as such, permitted with malice and aforethought, the complained of events that destroyed the liberty, property and assets of a mentally competent Audrey Louise Brown.

72. Defendant Terry Horwath Bitting did everything she could to help deceive, and perpetuate the complained of frauds against Lynn and Audrey Louise Brown.

73. Defendant Terry Horwath Bitting remained silent while these defendant's steal, forge, transfer, and extort financial resources and property from Lynn and Audrey Louise Brown both.

74. Defendant Terry Horwath Bitting allowed these defendant's to use *"Artificial Jurisdictional Means"* to kidnap, stowaway, secret, and punish Audrey Louise Brown for competently executing her estate plans and then entrusting Lynn with them to execute in the shoes of the settlor/grantor. Defendant Terry Horwath Bitting allowed her court to be the artifice in which racketeering and fraudulent schemes would be used to remove Lynn's authority to act in the duly appointed positions of trust by unilaterally revoking Audrey's estate plans without a hearing in which the agent, nominated guardian, and beneficiary would be allowed to appear to defend.

75. Defendant Terry Horwath Bitting intentionally called the Defendant's counsel *(ex parte communications)* [] *and* had discussions about the case, made recommendations, and provided the means for extracting thousands of dollars from Audrey's estate at a time, and discussed how orders should be prepared by these Defendant's to go unnoticed, and get approval of the court for the removal of thousand of dollars weekly and bi-weekly, in an effort to deplete the estate, but for, its size, could go unchallenged, because Defendant Terry Horwath Bitting concealed the actions she and these Defendants were doing to the detriment of the estate.

76. Defendant Terry Horwath Bitting sealed the records and would not permit attorney's in which this Plaintiff engaged to review the files, solely to shield the racketeering.

77. Defendant Terry Horwath Bitting removed Plaintiff's Special and Limited Entry of Appearance Verified Motion to Vacate Guardianship\conservatorship from sealed files to prevent Plaintiff from procedural exhaustion that would trigger appellate review.

78. Defendant Terry Horwath Bitting removed and returned to Plaintiff, Plaintiff's Special and Limited Entry of Appearance Verified Motion to Dismiss Guardianship\conservatorship from sealed files to prevent Plaintiff from procedural exhaustion that would trigger appellate review.

79. Defendant Terry Horwath Bitting removed and returned to Plaintiff, Plaintiff's Affidavits In Support of Special and Limited Entry of Appearance Verified Motion to Dismiss Guardianship and

Guardianship\Conservatorship from sealed files to prevent Plaintiff from procedural exhaustion that would trigger appellate review.

80. Defendant Terry Horwath Bitting removed and returned to Plaintiff, Plaintiff's Affidavits In Support Of Special and Limited Entry of Appearance Verified Motion to Dismiss Guardianship\Conservatorship from sealed files to prevent Plaintiff from procedural exhaustion that would trigger appellate review.

81. Defendant Terry Horwath Bitting removed and returned Plaintiff's Affidavit In Support of Defendant Terry Horwath Bitting removed Plaintiff's Special and Limited Entry of Appearance Verified Motion to Vacate Guardianship\conservatorship to prevent Plaintiff from procedural exhaustion that would trigger appellate review. Plaintiff's Special and Limited Entry of Appearance Verified Motion to Vacate Guardianship\Conservatorship from sealed files to prevent Plaintiff from procedural exhaustion that would trigger appellate review.

82. Defendant Terry Horwath Bitting at the bequest of these Defendant's refused Plaintiff's repeated efforts to participate in the Guardianship and Conservatorship proceeding,although, Plaintiff had standing to intervene.

83. Defendant Terry Horwath Bitting at the bequest of these Defendant's denied Plaintiff access to court, and denied Plaintiff Notices, Process of Service and Denied Plaintiff Due Process and opportunity to be heard. As the agent, personal representative, and beneficiary, Plaintiff was and is an interested and indispensable party to any action regarding any estate plans created by Audrey Louise Brown. Plaintiff is and continue to be aggrieved by the fraudulent actions of Defendant Terry Horwath Bitting.

84. Defendant Kurt Glassco presided over case no. PT-2018-020, a fraudulent action by the same parties and their privies. Defendant Kurt Glassco allowed these Defendant's to file a fraudulent petition in his court for the sole purpose of reforming Audrey's irrevocable spendthrift trust that disinherited

Defendant Andrew George Brown III and his children because he has tried for years to place Audrey in a nursing home to incapacitate her so that he can steal her personal property, and assets and place them in the control of his children. The trust has an *"In Terrorem Clause"* that removes and disinherits anyone who challenged its language, Lynn actions thereunder, and prohibits intervention by any court, and requires an accounting to Audrey Louise Brown only. Plaintiff was served with the petition in this action and a summons to answer only. There was no date, time, place or location for a hearing thereon. By serving Lynn with this petition and limited summons to answer within 20 days, these Defendants acknowledged that Lynn had standing and had not waived her standing to defend. Albeit, Defendant Kurt Glassco assumed artificial jurisdictions and refused to serve Lynn a copy of the order he entered. Defendant Kurt Glassco joined in the racketeering schemes conducted by defendant Terry Horwath Bitting and these Defendants. The action by these defendants' are despicable and caused irreparable harm to the petitioner

WHEREFORE PREMISES CONSIDER, Petitioner ROSEMARY ANN LYNN prays this Court will exercise its jurisdictional authority, and allow Petitioner to amend and add additional parties.

Respectfully submitted,

Rosemary Ann Lynn, Pro Se
P. O. Box 701432
Tulsa, Oklahoma 74170
918-548-5305

## CERTIFICATE OF SERVICE BY U. S. POSTAL SERVICE

I, the undersigned, did cause to be delivered a true and exact copy of the foregoing document titled Plaintiff's Original RICO Petition by depositing the same in the United States Postal Service by and through First-Class Postage with Return Receipt requested, with proper postage and address affixed thereon directed to the below named parties on this 21 day of June 2019.

06\21\2019/RAL\ORIG\PET\RICO\US DIST CT\NDOK          19.