# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSEMARY ANN LYNN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-CV-0332-CVE-JFJ |
| ANDREW GEORGE BROWN III et al, | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is plaintiff's complaint (Dkt. # 1). Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe her pro se pleading liberally. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). On June 21, 2019, plaintiff filed a pro se complaint alleging that 29 defendants engaged in a conspiracy to gain control over Audrey Brown and her assets. Of the 29 defendants named in the complaint, all but two are identified as citizens of Oklahoma for the purpose of diversity jurisdiction, and plaintiff alleges that she is a citizen of Oklahoma. Plaintiff claims that Brown named plaintiff as Brown's legal guardian in the event that Brown was unable to manage her own affairs. Id. at 8-9. However, plaintiff claims that certain defendants forged signatures on legal documents and sought to have Brown declared incompetent to manage her own affairs, and defendants initiated proceedings to have plaintiff removed as Brown's guardian. Id. at 11. Plaintiff alleges that the guardianship proceedings were a sham and the state court judge "allowed [the defendants] to utilize her court as the backdrop for their racketeering schemes." Id. at 16. Plaintiff seeks damages in excess of $75,000. Id. at 8.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

Plaintiff asserts that the Court has diversity and federal question jurisdiction over this case. The complaint alleges that plaintiff seeks damages in excess of "the minimal jurisdictional limits of Tulsa County District Courts" and that venue is proper in this Court. Dkt. # 1, at 8. For the Court to have jurisdiction under 28 U.S.C. § 1332, plaintiff must allege that the parties are citizens of different states and that the amount in controversy exceeds $75,000. The Court will have diversity jurisdiction over this case only if there is complete diversity among the parties, and this means that "each plaintiff must be diverse from each defendant." Ravenswood Inv. Co., L.P. v. Avalon Correctional Servs., 651 F.3d 1219, 1223 (10th Cir. 2011). Plaintiff states that she and many of the

defendants are citizens of Oklahoma and it is apparent that complete diversity is lacking. The Court will consider whether plaintiff's complaint could be construed to allege a claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001). Plaintiff cites the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. (RICO), and she alleges that the 29 named defendants engaged in a conspiracy to defraud Brown and her estate. To plead a civil RICO claim, a plaintiff must make plausible allegations that the defendants "(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of rackeetering activity." George v. Urban Settlement Servs., 833 F.3d 1242, 1248 (10th Cir. 2016). The complaint contains a lengthy series of unconnected allegations concerning the purported mistreatment of Brown and her estate, but there is simply no plausible way to view the defendants' alleged conduct as a single enterprise for the purpose of a RICO claim. Plaintiff has also not identified any specific illegal acts that could qualify as "racketeering activity," and plaintiff's rambling complaint does not allege a plausible RICO claim against any of the defendants. The Court finds no basis to exercise federal question jurisdiction over this case, and plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that the complaint (Dkt. # 1) is hereby **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**DATED** this 26th day of June, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

3